**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENDY CHENG | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| v. | : | |
| REED TECHNOLOGIES AND INFORMATION SERVICES, INC. | : | |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

## I. PRELIMINARY STATEMENT:

Plaintiff, Wendy Cheng, claims of Defendant, Reed Technologies and Information Services, Inc., a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to the Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a) ("Title VII"), and is brought by the Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination with respect to her compensation, terms, conditions and privileges of employment by Defendant based on her gender/sex (female).

## II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title VI, which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's discrimination claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

6. All conditions precedent to the institution of this suit have been fulfilled. On July 16, 2026, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. Plaintiff has exhausted all other jurisdictional requirements for the maintenance of this action.

## III. PARTIES

7. Plaintiff, Wendy Cheng, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 471 Paperbark Square, Downingtown, Pennsylvania.

8. Defendant, Reed Technologies and Information Services, Inc., was and is now a Corporation duly organized and existing under the laws of the Commonwealth of

Pennsylvania with a place of business located at 7 Walnut Grove, Horsham, Pennsylvania.

9. At all times relevant hereto, Defendant was acting through their agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10. Defendant has been "person" and "employer" as defined under Title VII and the PHRA and is subject to the provisions of each said Act.

## IV. STATEMENT OF CLAIMS:

11. Plaintiff was hired by Defendant on April 24, 2023, in the capacity of General Manager, Life Sciences.

12. Plaintiff was a satisfactory performer, having received bonuses in each consecutive year after her hire. In addition to her bonuses, Plaintiff received benefits and a base salary of $337,000 per annum, plus benefits.

13. Plaintiff was abruptly terminated from her employment on March 2, 2026, for allegedly having used profanity in the workplace. Notably, Plaintiff was not accused of directing any profane remark towards any individual.

14. Prior to the allegation made against her, Plaintiff maintained an exemplary record with Defendant and was never previously accused of making any inappropriate remarks in the workplace.

15. Plaintiff believes and avers that she was subjected to disparate treatment on the basis of her gender/sex in that various other male members of management

routinely used profanity during internal meetings and in other settings but were neither reprimanded nor terminated for their conduct.

16. By way of example, male members of Defendant's management regularly used profanity in the following manner:

- Rob Polsky, Senior legal partner frequently stated "I don't give a F***" when processes were not followed or SLA delays occurred. This was observed and witnessed by Shannon Laughlin, Diane Egger, Ray Mertons, Neil Ehrlichman and others. Mr. Polsky was never reprimanded for his behavior.
- Ray Mertens, Commercial Ops Lead, used profane language on several occasions. On one specific occasion he stated: "how the f*** am I supposed to gather this in a short amount of time for the MVR meeting when the data is f***** up?" This was witnessed and observed by Diane Egger, Jim Hilfery Robin Schilling and Leah Wilhelm. Mr. Mertens was never reprimanded for his behavior.
- Mike Langford, CFO and Chuck Brick, Head of Business Ops, had a discussion in October, 2025 concerning the handling of the contract investigation. During this conversation, several profanities were hurled including: "what the F***" and "this is f***** up" referring to the improper handling of that matter. These remarks were observed and witnessed by Diane Egger, Mike Langford and Mr. Brick. No discipline was issue for either individual in these instances.

- Frank Cole, Head of PTO Ops, used profanities in front of senior management during a business dinner/meeting in 2025, but was neither counseled nor reprimanded for his behavior.

17. Furthermore, Plaintiff was discharged four (4) days before the scheduled payment date of her 2025 performance bonus. Plaintiff had earned one hundred (100%) percent of her bonus, based on objective, metric driven criteria.

18. In fact, Defendant's Chief Financial Officer, Mike Langford, confirmed to Plaintiff that she had achieved one hundred (100%) percent of her bonus metrics based on the underlying data, and congratulated her on that accomplishment.

19. Plaintiff's discharge also occurred shortly before the date on which Defendant's 401(k) employer match would have vested, causing Plaintiff to forfeit her unvested match.

20. Plaintiff believes and therefore avers that she was subjected to gender/sex discrimination ultimately resulting in the deprivation of the aforesaid benefits and termination of her employment on said date.

**COUNT I**
**Gender/Sex Discrimination**
**(Title VII)**

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint as if fully set forth at length herein.

22. The actions of Defendant, through their agents, servants and employees, in subjecting Plaintiff to gender/sex discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment solely because of her gender/sex, constituted a violation of Title VII.

23. Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

24. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned bonus, loss of back pay, front pay and interest due thereon.

**COUNT II**
**Gender/Sex Discrimination**
**(PHRA)**

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as if fully set forth at length herein.

26. The actions of Defendant, through their agents, servants and employees, in subjecting the Plaintiff to gender/sex discrimination in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment solely because of her gender/sex, constituted a violation of the PHRA.

27. Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28. As a direct result of Defendants' willful and unlawful actions in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned bonus, loss of back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

29. Plaintiff repeats the allegations of paragraphs 1 through 28 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests the Court to enter judgment in her favor and against Defendant and order:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**LOVITZ LAW FIRM, P.C.**

By:______________________________

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street, 36th Fl.
Philadelphia, PA 19103
(215) 735-1996 Phone
(267) 319-7943 Fax
Kevin@LovitzLaw.com
*Attorney for Plaintiff, Wendy Cheng*